UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MUSIC CITY METALS CO., INC. | |
| Plaintiff, | |
| vs. | Civil No. 3:12-cv-01107<br>Judge John. T. Nixon<br>Magistrate Judge Juliet E. Griffin |
| JUSTIN LIN, MODERN INTERNATIONAL CORP., MODERN CO., LTD., and FORMATION CREATION, INC. | |
| Defendants. | |

## STIPULATED DISMISSAL AND PERMANENT INJUNCTION

The Court has considered the motion for entry of dismissal with prejudice and entry of an agreed permanent injunction filed by Plaintiff Music City Metals ("MCM") and Defendants Justin Lin, Modern International Corp., and Modern Co. Ltd (collectively "Defendants") and finds it well taken. The Court makes the following findings and orders:

1. MCM is a Tennessee Corporation having its principal place of business at 2633 Grandview Avenue, Nashville, Tennessee 37211.

2. Defendant Modern International Corp. is a Samoan Corporation that ceased to exist on February 13, 2013.

3. Defendant Modern Co. Ltd. is a is a Chinese Corporation having its principal place of business at 171 Kang Yi Rd., Qing Xi Town, Dong Guan City, Guang Dong Province, China 523658

4. Defendant Justin Lin is a Taiwanese citizen doing business in the United States.

5. This Court has personal jurisdiction over Defendants.

1

6. This Court has subject matter jurisdiction over the claims asserted in MCM's Complaint pursuant to 28 U.S.C. §§1331 and 1338.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8. MCM is the owner of trademarks and trademark registrations containing MCM and MUSIC CITY METALS. The trademark MCM has been used by MCM since at least as early as 2005 and is registered as U.S. Trademark Registration No. 4,196,254 (attached to the Complaint as Exhibit 1). The trademark MUSIC CITY METALS has been used by MCM since at least as early as 1989 and is registered as U.S. Trademark Registration No. 3,995,498 (attached the Complaint as Exhibit 2). MCM has developed its own parts numbers for the parts that it sells consumers. MCM has also developed artwork of its replacement parts. This artwork has been protected by U.S. Copyright Registration No. TX 7-268-508 (attached to the Complaint as Exhibit 3).

9. Plaintiffs have alleged that Defendants have sold and advertised products using MCM's trademarks and copyrights.

10. MCM will suffer irreparable harm if a permanent injunction does not issue in the form set forth in this Final Judgment and Permanent Injunction.

11. The balance of hardships and public policy favor the issuance of a permanent injunction in favor of MCM.

12. The terms of the Settlement Agreement between the parties and this dismissal and injunction are to be construed together.

13. All parties shall bear their respective attorneys' fees and costs.

14. This case is dismissed with prejudice.

15. The Court shall maintain jurisdiction over this action for purposes of enforcement of the Permanent Injunction and the Settlement Agreement between the parties.

16. It is hereby ORDERED AND DECLARED that each of Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, be PERMANENTLY ENJOINED and restrained from:

(a) The manufacture, distribution, delivery, shipment, import, export, advertisement, marketing, promoting, consignment, sale, or sale abroad for importation of any of replacement grill parts sold by MCM as listed in MCM's annual catalog. Defendants may continue to supply grill parts for commercial grill models, such as grill parts for grills used by hot dog vendors. Defendants may also continue to supply parts for fireplaces and fire pits;

(b) The use of any trademark that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public and cause them to believe that the unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and or promoted by Defendants originate from Plaintiff, or that said products have been sponsored, approved, licensed by, or associated with Plaintiff, or is, in some way, connected or affiliated with Plaintiff;

(c) Contacting persons or entities with contracts for the purchase or sale of Plaintiff's products, or who are in the business of purchasing or selling products similar to Plaintiff's products for the purpose of encouraging such persons or entities not to do business with Plaintiff and/or not to purchase or sell Plaintiff's products; and

(d) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (c).

17. It is hereby ORDERED AND DECLARED that Plaintiff, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, be PERMANENTLY ENJOINED and restrained from:

(a) Contacting persons or entities with contracts for the purchase or sale of Defendants' products, or who are in the business of purchasing or selling products similar to Defendants' products for the purpose of encouraging such persons or entities not to do business with Defendants and/or not to purchase or sell Defendants' products.

IT IS SO ORDERED

Date: December 19, 2014

JOHN T. NIXON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT TENNESSEE